## PROPERTY HELD IN TRUST FOR CHILDREN BY FIRST MARRIAGE.

Common Pleas Court of Hamilton County.

CLARA RABE ET AL V. AMELIA PERRY ET AL.

Decided, 1916.

*Wills—Property Devised to Children—With Life Interest in Widow to be Reduced to Dower in Event of Remarriage—Purchase of Title by Mother Without Consideration Does Not Defeat Rights of Children.*

Where a testator devises his real estate to his children, subject to a life estate in his widow, to be reduced to dower interest in case of her remarriage, the course of title is not changed by a sale of the property to her without consideration upon her remarriage, but the property will be treated as held in trust for the children of the first marriage, against whom the statute of limitations does not run.

*Franks & Franks* and *Joseph W. O'Hara,* for plaintiffs.
*Dudley C. Outcalt,* contra.

NIPPERT, J.

The plaintiffs, Clara Rabe and Katherine Ginn, and the defendant, Bess Ragland, brought this action in partition to settle the estate of their mother, Louisa Engel Wager, who died intestate December 3, 1914.

The defendants, Amelia Perry et al, deny the plaintiffs' right to partition on the ground that the children of Henry Wager have no legal title or interest in the real estate under consideration, but that the real estate in question was held by Mrs. Louisa Engel Wager in trust for her children by her first husband, Herman Engel, who died October 1, 1873.

Engel left a last will and testament, in which he devised his real estate to his four children, subject to the life estate of his wife, Louisa Engel. In case of her remarriage she was only to have a dower interest in said real estate from the time of such

remarriage. The testator, Engel, charged his wife with the duty to educate and maintain the minor children out of the rents and issues of his real estate. At their father's death, in 1873, the children were aged two, four, six and seven years respectively, and Louisa Engel, their mother, was appointed their guardian.

On March 11, 1875, Louisa Engel married one Henry Wager, and Wager had himself appointed guardian of the four minor Engel children, one John Gradel going on his bond. On February 9, 1875, Gradel was appointed administrator with the will annexed of the estate of Herman Engel deceased. Soon thereafter the Engel property was sold under proceedings, the record of which was destroyed during the court house fire. The purchaser was one Joseph A. Ankenbauer, whose wife was a cousin of Henry Wager, and who testified, during the trial of this case, that neither she nor her husband paid any consideration for this property, and that immediately upon the conveyance to them of the Engel property she and her husband executed a deed back to Engel's widow, that is, Louisa Engel Wager, the mother of the defendants in this action. The deed bears the date of August 5, 1876, and was recorded July 5, 1882, six years after its execution. Mrs. Ankenbauer testified that she and her husband came to town to sign this deed as a favor to their cousin, Mr. Wager, and never paid or received a cent in either of the transactions, though the deed recites a consideration of $10,-000. No settlement was ever made by Henry Wager, but the guardian docket, mutilated though it is, shows that on the day following Henry Wager's appointment as guardian, Mrs. Louisa Engel Wager filed her account. Henry Wager, as far as the record shows, never filed an account as guardian.

The children of Henry and Louisa Wager claim that they have an undivided interest in the property in common with the children of Mrs. Wager by her first husband, Herman Engel. They base their claim upon the Ankenbauer deed.

But it appears that the Ankenbauer deeds were executed merely as an accommodation for the benefit of Wager and his wife, and while the Engel children were still minors, and no account appears of record showing how the $10,000 consideration

money mentioned in the Ankenbauer deed was used. Of course, this $10,000 consideration money is fully explained by the testimony of Mrs. Ankenbauer, who said that no such money ever passed; that Ankenbauer never had $10,000 to his name, and therefore could not have paid it.

It appears that this deed was merely a means of changing the title from the Engel minors, who held the fee immediately upon the remarriage of their mother, and by means of the Ankenbauer route the title was intended to be placed in fee simple in the name of Louisa Engel Wager.

Such transactions are closely scrutinized by our courts, and have always suffered the court's disapproval. They are considered a fraud upon the minors, and for that reason null and void.

Mrs. Wager, therefore, held this property in trust, from the day of her second marriage, for the benefit of her children by her first husband.

Now it appears from the testimony that Mrs. Louisa Engel Wager said in the presence of all of the children, that is to say, of the Wager children, as well as the Engel children, all of whom are parties to this action, that the real estate which she owned came to her from her first husband, Engel, and belonged to the Engel children, and that if the property was ever sold, the proceeds of the said sale would be divided among the Engel children. The testimony shows that during these years Mrs. Engel collected the rents and after deducting her own living expenses she divided the rent money among the Engel children from time to time.

The court therefore finds that Mrs. Louisa Engel Wager held this property in trust for the children of her first husband, Herman Engel, from the day of her remarriage to Henry Wager, to-wit, March 11, 1875; that she has never disclaimed the trust either expressly or impliedly; that therefore the statute of limitations does not run against the *cestui que trust*, to-wit, the four children of Herman Engel; that said children or their heirs take the real estate described in the petition under the terms of the last will and testament of Herman Engel, deceased;

that the plaintiffs, Clara Rabe, Katherine Ginn, and the defendant, E. Bess Ragland, are not entitled to have partition of the estate of Louisa Engel Wager, as prayed for, but that Amelia Perry, Louisa Woerth, Matilda Frahm and Frederick Engel are each seized of an undivided one-fourth part of the premises described in the petition.